(Hamilton County Common Pleas, 1901.)

HARRIET N. JOHNSON v. ANNIE M. GRUNKENMEYER.

The liability for injuries caused by defects in a sidewalk outside of a municipal corporation rests on the land-owner to whom power is given to build it in the first instance, not on the county commissioners or township trustees.

SPIEGEL, J.

Plaintiff alleges that the plaintiff is the owner of a lot abutting on Spring Grove avenue, in Millcreek township in this county; that in front of said premises there was a defective sidewalk, upon which plaintiff walked, and without fault on her part, but solely by reason of defendant's negligence in not keeping the sidewalk in repair, fell, was injured, and sustained damages in the sum of $550. To all of which the defendant demurs.

It is a well settled rule that in municipal corporations an owner is not liable for accidents arising from the defective condition of sidewalks, unless he was guilty of affirmative negligence and active wrongful acts; otherwise the municipal corporation is liable. This is due to the fact that the care, supervision and control of sidewalks, and the duty to keep them in repair and free from nuisance, is imposed upon the council of municipal corporations. (See sections 2328 and 2640, Revised Statutes). No such duty is cast upon county commissioners or township trustees; but, on the contrary, section 4909-1, Revised Statutes, authorizes a land owner abutting upon any highway outside a municipal corporation, to build and improve his own sidewalk, to be approved by the township trustees, and gives him an action for damages against any person who maliciously injures the sidewalk.

It is true that section 845, Revised Statutes, defining powers and duties of county commissioners, has been amended as follows: "And any such board of county commissioners shall be liable in their official capacity for any damages received by reason of the negligence or carelessness of said commissioners in keeping any such road or bridge in proper repair;" but as neither this section, nor any other, authorizes either county commissioners or township trustees to build sidewalks upon county roads, this right being exclusively granted to private property owners, the liability for neglect to keep such sidewalks in proper repair must rest upon those to whom power is given to build them in the first instance. County commissioners and township trustees are quasi corporations, and their powers must be strictly construed. The latter, certainly, can not be enlarged by judicial construction, in order to hold them liable for negligence upon improvements not erected by them nor placed under their control by direct enactment.

The demurrer is, therefore, overruled.

Charles P. Mackelfresh and Charles T. Dumont, for plaintiff.

Tafel & Schott, contra.